UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ORLANDO MUNOZ MARRERO,

     *Petitioner*,

v.                            Case No. 3:26-cv-1348-JEP-MCR

WARDEN OF NORTH FLORIDA
DETENTION CENTER, et al.,

     *Respondents.*

_____/

## <u>ORDER</u>

Petitioner, a citizen of Cuba, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 on May 21, 2026. (Doc. 1). An immigration judge previously ordered Petitioner removed from the United States, and on November 3, 2025, United States Immigration and Customs Enforcement revoked Petitioner's order of supervision and re-detained him. (*See id.* at 7; *see also* Doc. 5-1 at 2). At the time Petitioner filed the petition, he had been detained for 199 days. Petitioner argues that his prolonged detention violates the Fifth Amendment's Due Process Clause. (*See* Doc. 1 at 6-8). He asks the Court, among other things, to order his release. (*Id.* at 8).

Following an order of removal, immigration detention is governed by 8 U.S.C. § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 544 (2021) ("§ 1231 explains what to do if the alien is ordered removed."); *see also Deshati*

*v. Noem*, No. 25-cv-15940-ESK, 2025 WL 3204227, at *2 (D.N.J. Nov. 17, 2025) ("The statute governing post-final order of removal immigration detention is 8 U.S.C. § 1231."). Pursuant to section 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." Detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2)(A). "The 90-day removal period shall be extended, and the noncitizen may remain in detention, if the noncitizen (1) 'fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure' *or* (2) 'conspires or acts to prevent the alien's removal.'" *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(C)).

The Supreme Court in *Zadvydas* held that indefinite detention of aliens after a final order of removal raises serious constitutional concerns. *Zadvydas v. Davis*, 533 U.S. 678, 690–99 (2001). Once an order of removal is final, the government may continue to detain an alien only for a reasonable amount of time. *See id.* at 699–701. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the alien's presence *at the moment of removal*." *Id.* at 699 (emphasis added). The Supreme Court held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* at 700–01. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the

90-day removal period [from section 1231(a)(1)(A)] plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 1052 (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient evidence establishing that there is a "significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Notably, *Zadvydas* claims asserted prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052; *see also Ramos Alvarez v. U.S. Immigr. & Customs Enf't*, No. 3:25-cv-1038, 2025 WL 2591830, at *1 (M.D. Fla. Sept. 8, 2025).

Here, the Federal Respondents "concede that the presumptively reasonable period of detention has elapsed," and advise that they "cannot at this time show that there is a significant likelihood that Petitioner . . . will be

3

removed in the reasonably foreseeable future." (Doc. 5 at 1-2). Therefore, they "do not oppose Petitioner's request for release at this time . . . ." (*Id.* at 2).

Based upon a review of the file, the Court finds that Petitioner is entitled to release from detention under *Zadvydas*. However, Petitioner's release "shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3); *Zadvydas*, 533 U.S. at 699–700 (holding that when continued detention is unreasonable because removal is not reasonably foreseeable, "the alien's release may and should be conditioned on any of the various forms of supervised release.").

Accordingly, it is **ORDERED**:

1. The Warden's motion to dismiss (Doc. 4), in which he argues he is not a proper respondent, is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

2. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED**. Respondents shall release Petitioner, subject to supervision pursuant to 8 U.S.C. § 1231(a)(3), **within 24 hours** of this Order, and they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.

4

3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida on June 11, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

5